# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN W. ANDERSON JR., BENJAMIN BARBOZA & MANUEL BARBOZA, BEVERLEY BESSETTE & KATHY BESSETTE, JENNIE DOUCHETTE, ELIZABETH HALL, JOHN IWANCZENKO, SR. & MARYANN IWANCZENKO, KEITH JENSEN, KATHLEEN JONES & KYLE JONES, SHANNON LADD & THOMAS LADD, JEAN LEMIRE, ALBERT LEVESQUE, PEARL OLIVER & ROOSEVELT OLIVER, JOHN POKORNY, JR., WILLIAM A. PROUDFOOT, DEBORAH H. SPILLANE, RACHEL O'ROURKE & SHAUN O'ROURKE, GEORGETTE F. PEHOWDY, MAUREEN RAINVILLE & RICHARD A. SYLVIA, SONIA SPENCE-ENGLISH, DENNIS HOLMES & BRENDA HOLMES, PATRICIA SZYNAL & MICHAEL SZYNAL, <br>   Plaintiffs, <br><br> v. <br><br> AMERIQUEST MORTGAGE COMPANY, CITIFINANCIAL MORTGAGE COMPANY, INC., and HSBC MORTGAGE SERVICES, INC., <br>   Defendants. | ) <br> ) <br> )   CASE NO: <br> ) <br> ) <br> ) <br> ) <br> )   COMPLAINT <br> ) <br> ) <br> ) <br> )   JURY TRIAL <br> )   DEMANDED <br> ) <br> ) <br> ) <br> ) <br> )   FEBRUARY 9, 2006 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## <u>INTRODUCTION</u>

1.      This is a suit brought by thirty-one consumers residing in Connecticut who collectively entered into twenty-one mortgage loans with the one of the defendants, Ameriquest Mortgage Company.  Some of these loans were subsequently assigned to the other defendants. The plaintiffs claim that Ameriquest violated the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 et seq.,

(collectively "the Acts") in each of their transactions by failing to provide them with the notification of their right to rescind the mortgage as required by the Acts and Regulation Z (12 C.F.R. Part 226).

2.      The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with the defendant.

3.      All plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4.      All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendants' misconduct.

5.      The defendant, Ameriquest Mortgage Company, is a foreign corporation with a primary place of business in Orange, California.

6.      HSBC Mortgage Services, Inc. is a foreign corporation with a primary place of business in Prospect Heights, Illinois.

7.      CitiFinancial Mortgage Company, Inc. is a foreign corporation with a primary place of business in Irving, Texas.


**JURISDICTION**

8.      Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331-32.

9.      This court has jurisdiction over the defendants because the regularly conduct business in this state.

10.     Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

**FIRST COUNT**
**(JOHN W. ANDERSON JR. v. AMERIQUEST)**

11.     On or about July 24, 2003 John W. Anderson Jr. entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

12.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

13.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

14.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

15.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

16.     The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

17.     More than twenty calendar days have passed since Defendant received the notice of rescission.

18.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

19.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

20.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

## SECOND COUNT
## <u>(BENJAMIN BARBOZA & MANUEL BARBOZA v. AMERIQUEST)</u>

21.     On or about April 22, 2003 Benjamin Barboza & Manuel Barboza entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

22.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

23.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

24.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

25.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

26.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

27.     More than twenty calendar days have passed since Defendant received the notice of rescission.

28.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

29.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

30.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## THIRD COUNT
## (BEVERLEY BESSETTE & KATHY BESSETTE v. AMERIQUEST)

31.     On or about September 12, 2003 Beverley Bessette & Kathy Bessette entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

32.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

33.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

34.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

35.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

36.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated November 21, 2005, which notice was received by that Defendant.

37.     More than twenty calendar days have passed since Defendant received the notice of rescission.

38.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

39.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

40.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

**FOURTH COUNT**
**(JENNIE DOUCHETTE v. AMERIQUEST)**

41.     On or about August 8, 2003 Jennie Douchette entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

42.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

43.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

44.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

45.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

46.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated December 6, 2005, which notice was received by that Defendant.

47.     More than twenty calendar days have passed since Defendant received the notice of rescission.

48.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

49.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

50.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.

**FIFTH COUNT**
**(ELIZABETH HALL v. AMERIQUEST)**

51.     On or about December 22, 2003 Elizabeth Hall entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

52.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

53.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

54.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

55.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

56.     The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

57.     More than twenty calendar days have passed since Defendant received the notice of rescission.

58.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

59.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

60.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

**SIXTH COUNT**
**(JOHN IWANCZENKO, SR. & MARYANN IWANCZENKO v. AMERIQUEST)**

61.     On or about January 15, 2003 John Iwanczenko, Sr. & Maryann Iwanczenko
entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided
a mortgage on their residence to secure the indebtedness.

62.     A portion of the proceeds of the mortgage loan went towards the pay-off of the
existing mortgage on the residence.

63.     This consumer credit transaction was subject to the right of rescission as
described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

64.     In the course of this consumer credit transaction, Defendant violated the state and
Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the
transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §
226.23(b).

65.     The plaintiffs have a continuing right to rescind the transaction until the third
business day after receiving notice of the right to rescind, up to three years after consummation
of the transaction.

66.     The plaintiffs exercised their extended right to rescind the contract by sending
notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated
December 12, 2005, which notice was received by that Defendant.

67.     More than twenty calendar days have passed since Defendant received the notice
of rescission.

68.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

69.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

70.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## SEVENTH COUNT
## <u>(KEITH JENSEN v. AMERIQUEST)</u>

71.     On or about December 10, 2004 Keith Jensen entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

72.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

73.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

74.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

75.     The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

76.     The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated December 19, 2005, which notice was received by that Defendant.

77.     More than twenty calendar days have passed since Defendant received the notice of rescission.

78.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

79.     The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

80.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiff's property created under the transaction;

c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.

**EIGHTH COUNT**
**(KATHLEEN JONES & KYLE JONES v. AMERIQUEST)**

81.     On or about April 3, 2003 Kathleen & Kyle Jones entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

82.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

83.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

84.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

85.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

86.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

87.     More than twenty calendar days have passed since Defendant received the notice of rescission.

88. The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

89. The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

90. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in Plaintiffs' property created under the transaction;

   c. Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

**NINTH COUNT**
**(SHANNON LADD & THOMAS LADD v. AMERIQUEST)**

91.     On or about September 9, 2004 Shannon & Thomas Ladd entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

92.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

93.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

94.     In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

95.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

96.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

97.     More than twenty calendar days have passed since Defendant received the notice of rescission.

98.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

99.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

100.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

**TENTH COUNT**
**(JEAN LEMIRE v. AMERIQUEST)**

101.    On or about March 3, 2004 Jean Lemire entered into a loan agreement with the

Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure

the indebtedness.

102.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

103.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

104.    In the course of this consumer credit transaction, Defendant violated the state and

Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §

226.23(b).

105.    The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

106.    The Plaintiff exercised her extended right to rescind the contract by sending

notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated

October 17, 2005, which notice was received by that Defendant.

107.    More than twenty calendar days have passed since Defendant received the notice

of rescission.

108.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

109.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

110.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

**ELEVENTH COUNT**
**(ALBERT LEVESQUE v. AMERIQUEST)**

111.    On or about December 9, 2004 Albert Levesque entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

112.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

113.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

114.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

115.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

116.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

117.    More than twenty calendar days have passed since Defendant received the notice of rescission.

118.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

119.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

120.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

  a.  Rescission of this transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transaction;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

  d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney fee.

**TWELFTH COUNT**
**(PEARL OLIVER & ROOSEVELT OLIVER v. AMERIQUEST& HSBC)**

121.    On or about January 21, 2004 Pearl & Roosevelt Oliver entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

122.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

123.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

124.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

125.    The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

126.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

127.    This mortgage loan has been assigned to Defendant HSBC.

128.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated March 28, 2005, which notice was received by that Defendant.

129.    More than twenty calendar days have passed since Defendants received the notice of rescission.

130.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

131.    The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

132.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiffs' property created under the transaction;

c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## THIRTEENTH COUNT
## (JOHN POKORNY, JR. v. AMERIQUEST)

133.  On or about July 20, 2004 John Pokorny, Jr. entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

134.  A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

135.  This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

136.  In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

137.  The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

138.  The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

139.  More than twenty calendar days have passed since Defendant received the notice of rescission.

140.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

141.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

142.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.  Rescission of this transaction;

   b.  Termination of any security interest in Plaintiff's property created under the transaction;

   c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.  Forfeiture of loan proceeds;

   f.  Actual damages in an amount to be determined at trial; and

   g.  A reasonable attorney fee.

**FOURTEENTH COUNT**
**(WILLIAM A. PROUDFOOT v. AMERIQUEST & CITIFINANCIAL MORTGAGE)**

143.    On or about May 26, 2004 William A. Proudfoot entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence to secure the indebtedness.

144.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

145.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

146.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

147.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

148.    The Plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

149.    This mortgage loan has been assigned to Defendant CitiFinancial Mortgage.

150.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant CitiFinancial by certified mail dated September 7, 2005, which notice was received by that Defendant.

151.    More than twenty calendar days have passed since Defendants received the notice of rescission.

152.    The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

153.    The Defendants have failed to return to the Plaintiff any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

154.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

a.  Rescission of this transaction;

b.  Termination of any security interest in Plaintiff's property created under the transaction;

c.  Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

d.  Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice;

e.  Forfeiture of loan proceeds;

f.  Actual damages in an amount to be determined at trial; and

g.  A reasonable attorney fee.

## FIFTEENTH COUNT
## (DEBORAH H. SPILLANE v. AMERIQUEST)

155.    On or about August 14, 2003 Deborah H. Spillane entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

156.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

157.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

158.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

159.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

160.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated March 18, 2005, which notice was received by that Defendant.

161.    More than twenty calendar days have passed since Defendant received the notice of rescission.

162.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

163.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

164.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

  a.  Rescission of this transaction;

  b.  Termination of any security interest in Plaintiff's property created under the transaction;

  c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

  d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney fee.

**SIXTEENTH COUNT**
**(RACHEL O'ROURKE & SHAUN O'ROURKE v. AMERIQUEST & HSBC)**

165.     On or about April 8, 2004 Rachel & Shaun O'Rourke entered into a loan

agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on

their residence to secure the indebtedness.

166.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

167.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

168.     In the course of this consumer credit transaction, Defendant violated the state and

Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §

226.23(b).

169.     The plaintiffs have a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

170.     The plaintiffs exercised their extended right to rescind the contract by sending

notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated March

28, 2005, which notice was received by that Defendant.

171.     This mortgage loan has been assigned to Defendant HSBC.

172.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant HSBC by certified mail dated March 28, 2005, which notice was received by that Defendant.

173.     More than twenty calendar days have passed since Defendants received the notice of rescission.

174.     The Defendants have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

175.     The Defendants have failed to return to the Plaintiffs any money or property given to anyone, including the Defendants, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

176.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendants are liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendants' failure to respond properly to Plaintiffs' rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.

## SEVENTEENTH COUNT
### (GEORGETTE F. PEHOWDY v. AMERIQUEST)

177.    On or about July 21, 2004 Georgette F. Pehowdy entered into a loan agreement

with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on his residence

to secure the indebtedness.

178.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

179.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

180.    In the course of this consumer credit transaction, Defendant violated the state and

Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §

226.23(b).

181.    The Plaintiff has a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

182.    The Plaintiff exercised his extended right to rescind the contract by sending notice

(via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September

27, 2005, which notice was received by that Defendant.

183.    More than twenty calendar days have passed since Defendant received the notice

of rescission.

184.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

185.    The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

186.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

    a.  Rescission of this transaction;

    b.  Termination of any security interest in Plaintiff's property created under the transaction;

    c.  Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

    d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

    e.  Forfeiture of loan proceeds;

    f.  Actual damages in an amount to be determined at trial; and

    g.  A reasonable attorney fee.

**EIGHTEENTH COUNT**
**(MAUREEN RAINVILLE & RICHARD A. SYLVIA v. AMERIQUEST)**

187.     On or about August 19, 2004 Maureen Rainville & Richard A. Sylvia entered into

a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage

on their residence to secure the indebtedness.

188.     A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

189.     This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

190.     In the course of this consumer credit transaction, Defendant violated the state and

Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §

226.23(b).

191.     The plaintiffs have a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

192.     The plaintiffs exercised their extended right to rescind the contract by sending

notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated

September 27, 2005, which notice was received by that Defendant.

193.     More than twenty calendar days have passed since Defendant received the notice

of rescission.

194.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

195.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

196.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

a.   Rescission of this transaction;

b.   Termination of any security interest in Plaintiffs' property created under the transaction;

c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

e.   Forfeiture of loan proceeds;

f.   Actual damages in an amount to be determined at trial; and

g.   A reasonable attorney fee.

## NINETEENTH COUNT
## (SONIA SPENCE-ENGLISH v. AMERIQUEST)

197.    On or about August 8, 2003 Sonia Spence-English entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on her residence to secure the indebtedness.

198.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

199.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

200.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

201.    The Plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

202.    The Plaintiff exercised her extended right to rescind the contract by sending notice (via counsel) to Defendant, Ameriquest Mortgage Company by certified mail dated September 27, 2006, which notice was received by that Defendant.

203.    More than twenty calendar days have passed since Defendant received the notice of rescission.

204.   The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

205.   The Defendant has failed to return to the Plaintiff any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

206.   As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiff's property created under the transaction;

   c.   Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiff's rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

**TWENTIETH COUNT**
**(DENNIS HOLMES & BRENDA HOLMES v. AMERIQUEST)**

207.    On or about February 11, 2003 Dennis & Brenda Holmes entered into a loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage on their residence to secure the indebtedness.

208.    A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

209.    This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

210.    In the course of this consumer credit transaction, Defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

211.    The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

212.    The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated September 7, 2005, which notice was received by that Defendant.

213.    More than twenty calendar days have passed since Defendant received the notice of rescission.

214.    The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

215.    The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

216.    As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

  a.  Rescission of this transaction;

  b.  Termination of any security interest in Plaintiffs' property created under the transaction;

  c.  Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

  d.  Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

  e.  Forfeiture of loan proceeds;

  f.  Actual damages in an amount to be determined at trial; and

  g.  A reasonable attorney fee.

## TWENTY-FIRST COUNT
## (PATRICIA SZYNAL & MICHAEL SZYNAL v. AMERIQUEST)

217.    On or about January 24, 2004 Patricia Szynal & Michael Szynal entered into a

loan agreement with the Defendant, Ameriquest Mortgage Company, and provided a mortgage

on their residence to secure the indebtedness.

218.    A portion of the proceeds of the mortgage loan went towards the pay-off of the

existing mortgage on the residence.

219.    This consumer credit transaction was subject to the right of rescission as

described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

220.    In the course of this consumer credit transaction, Defendant violated the state and

Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the

transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. §

226.23(b).

221.    The plaintiffs have a continuing right to rescind the transaction until the third

business day after receiving notice of the right to rescind, up to three years after consummation

of the transaction.

222.    The plaintiffs exercised their extended right to rescind the contract by sending

notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated

September 7, 2005, which notice was received by that Defendant.

223.    More than twenty calendar days have passed since Defendant received the notice

of rescission.

224.     The Defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

225.     The Defendant has failed to return to the Plaintiffs any money or property given to anyone, including the Defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

226.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Defendant is liable for:

   a.   Rescission of this transaction;

   b.   Termination of any security interest in Plaintiffs' property created under the transaction;

   c.   Return of any money or property given by the Plaintiffs to anyone, including the Defendant, in connection with this transaction;

   d.   Statutory damages of $2,000 for Defendant's failure to respond properly to Plaintiffs' rescission notice;

   e.   Forfeiture of loan proceeds;

   f.   Actual damages in an amount to be determined at trial; and

   g.   A reasonable attorney fee.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

1. Assume jurisdiction of this case;

2. Declare the security interest in the proper Plaintiffs' residences are void;

3. Enter an order that the proper mortgage transactions are rescinded;

4. Order Defendants to take all action necessary to terminate any security interest in the proper Plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

5. Order the return to the proper Plaintiffs of any money or property given by them to anyone, including the Defendant, in connection with the transactions;

6. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the proper Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive Plaintiffs of ownership of the properties;

7. Award the proper Plaintiffs actual and statutory damages for the Defendants' failure to respond properly to the Plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

9. Order that, because the Defendants failed to tender in response to the proper Plaintiffs' notices of rescission, the Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

10.     Award actual damages in an amount to be established at trial;

11.     Award the Plaintiffs costs and a reasonable attorney fee as provided under C.G.S.

§ 36a-683 and 15 U.S.C. § 1640(a);

12.     Award such other and further relief as the Court deems just and proper.



THE PLAINTIFFS,


By:   ____/s/Sarah Poriss_____
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Sarah Poriss (ct24372)
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457